No. 13-0875 – *Sheena H. for Russell H. v. Amfire, LLC*

Workman, Chief Justice, concurring, with Davis, Justice, joining:

I fully agree with the decision reached by the majority in this case to reverse and remand the Workers' Compensation Board of Review's decision and allow the claimant to pursue dependent's death benefits on behalf of her grandchild on remand. I write separately, however, because the new law enunciated by the majority in syllabus five is far too fact specific and needlessly restrictive regarding the tolling of the statute of limitations. The majority recognizes that despite the lack of any exceptions to West Virginia Code § 23-4-15(a), "[t]he legislative intent behind setting time limitations for claims under the Workers' Compensation Act is two-fold. On the one hand, it protects employers from frivolous or outdated claims, while on the other hand, it is intended to afford claimants sufficient opportunity to investigate a claim before it is filed." The majority then determines that to find that the statute of limitations set forth in West Virginia Code § 23-4-15(a) "can never, under any circumstances, be tolled is contrary to both these goals[,]" as well as is inconsistent with other provisions of the Act. *See* W. Va. Code § 23-4-16(a)(3) (bars awards under the Workers' Compensation Act from being made more than two years after an employee's death

1

would be obsolete if the six-month statute of limitation in West Virginia Code § 23-4-15(a) could never be tolled).

Given the sound reasoning relied upon by the majority to support the determination that the relevant statute of limitations can be tolled, it is unwise and unnecessary to overly-restrict this recognition by limiting the general legal conclusion that the statute of limitations can be tolled *only when* "the delay was due to the medical examiner performing an autopsy." The principles upon which the majority relies should be available to other claims, not just to the unique facts of this case.